JOHN L. BURRIS, ESQ., SBN 69888
BEN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
KATHERINE MACELHINEY, Esq., SBN 355532
**Burris Nisenbaum Curry & Lacy, LLP**
Airport Corporate Center
7677 Oakport Street, Suite 1120 Oakland, CA 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
Email:  John.Burris@johnburrislaw.com
Email:  Ben.Nisenbaum@johnburrislaw.com
Email:  James.Cook@johnburrislaw.com
Email: Katherine@bncllaw.com

JENNIFER CALL, ESQ., ISBN #9895
**Snake River Criminal Defense, PLLC**
200 South Main Street, Ste. H3, Box 22
Pocatello, ID 83204
Telephone: (208) 478-4307
Email: Jen@snakerivercriminaldefense.com

Attorneys for Plaintiffs,
Luis Alicea, Wanda Alicea,
Monica Perez, and Ana Vazquez

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| LUIS ALICEA, as Personal Representative of the Estate of Victor Perez (deceased); WANDA ALICEA, mother of decedent,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>CITY OF POCATELLO, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT** |

**JURISDICTION**

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Bannock County, Idaho, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over PLAINTIFF'S state law causes of action under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff LUIS ALICEA, Personal Representative of decedent's estate, ("PLAINTIFF" or "L. ALICEA") is a resident of Idaho and a United States Citizen.

3. Plaintiff WANDA ALICEA, mother of decedent, ("PLAINTIFF" or "W. ALICEA") is a resident of Idaho and a United States Citizen.

4. Decedent VICTOR PEREZ ("DECEDENT" or "PEREZ" or "V.P.") is a resident of Idaho and a United States Citizen.

5. Defendant POCATELLO CITY ("CITY") is and was a municipal corporation in Bannock County, ID duly authorized and existing as such in and under the laws of the State of Idaho; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant police officers, individually and in their official capacity.

6. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

7. Plaintiff is required to comply with an administrative tort claim requirement under Idaho law. Plaintiff intends to comply with all administrative remedies pursuant to Idaho Code

Sections 6-905 through 6-907.

## FACTUAL ALLEGATIONS

8. The Incident took place April 05, 2025. The time was approximately 5:30 P.M. The location of the incident was 703 North Harrison Avenue, Pocatello, Idaho 83209. Pocatello Police Department used excessive force against VICTOR PEREZ and were deliberately indifferent to V.P.'s constitutional rights in their conduct preceding the shooting.

9. Perez was a non-verbal autistic child that suffered from cerebral palsy. He was seventeen years old. Pocatello Police Department was dispatched to the residence for a possible domestic disturbance. Four officers arrived on scene. Within moments of arriving the officers discharged their weapons. The officers shot Mr. Perez nine times. No de-escalation methods were attempted. Perez possessed a knife at the time of the incident. However, Mr. Perez was located behind a chain link fence. He posed no threat to the officers to warrant the level of force used. After multiple surgeries, Perez was declared brain dead. PEREZ endured conscious pain and suffering prior to his death, proximately caused by the excessive and unjustified use of deadly force. He was taken off life support.

10. As a result, the Pocatello Police Department caused the death of VICTOR PEREZ. In addition, Mr. Perez's family members, including Luis Alicea, grandfather and guardian to Decedent VICTOR PEREZ; Wanda Alicea, mother to Decedent VICTOR PEREZ; Monica Perez, sister to Decedent VICTOR PEREZ; Ana Vazquez, aunt to Decedent VICTOR PEREZ were present and suffered emotional distress caused by witnessing the reckless conduct of the involved officers by their negligent infliction of emotional distress.

**OFFICERS HAD NOTICE OF PEREZ'S TENDENCY FOR MENTAL HEALTH CRISES**

Defendants had prior notice of VICTOR PEREZ's mental issues and communication limitations. There is documented proof of notice based on prior visits to the residence:

- **DECEMBER 2, 2024**: Officer T. Anderson documented Perez as "mentally disabled," "somewhat non-verbal," family spoke "broken English," required Spanish communication [Exhibit A, Pocatello Police Department, Detail Incident Report No. 24-P27827 (Dec. 4, 2024)].

- **FEBRUARY 25, 2025**: Officers Forburger and Adamson responded to same address for disturbance involving nonverbal, autistic resident whose family spoke only Spanish. [Exhibit A, Pocatello Police Department, Detail Incident Report No. 25-P03674 (Feb. 25, 2025)].

## OFFICERS FAILED TO DE-ESCALATE

11.     Officers responding to arrest subjects in the midst of mental health crises are trained to de-escalate these situations by utilizing use time, distance, tactical communication, and tactical repositioning. [POST Learning Domain 33] Here, as previously stated, Pocatello officers had prior notice of Victor Perez's proclivities related to having mental health crises based on previous calls in December 2024 and February 2025. Based on the video the officers failed to employ de-escalation techniques as outlined below:

- **TIME:** The officers arrived at 6:42. They fired and shot Victor Perez at 6:48. [Idaho News 6, *supra*, at 6:42-6:48]. Six seconds is not sufficient tactical use of time as a means to de-escalate and arrest when the subject is experiencing a mental health crisis.

- **DISTANCE:** When the officers pulled their firearms and began shouting commands, a four-foot chain link fence separated the officers from Victor Perez. [Idaho News 6, *supra*, at 6:42-8:02] The officers were positioned on the south side of the fence. [Idaho News 6, *supra*, at 7:56]  When officers opened fire on Perez, he stood approximately four feet north of the fence separating him from the officers. [Idaho News 6, *supra*].  There was sufficient distance between the officers and Perez showed no indication that he was attempting to get over the fence that separated the DEFENDANTS and everyone else from him. Mr. Perez was no threat to anyone when DEFENDANTS shot and killed him.

- **COMMUNICATION:** Communication efforts were inadequate given the officers' documented knowledge of Perez's limitations. Despite prior incident reports clearly establishing that Perez was non-verbal and autistic, and that his family required Spanish-language communication, the officers resorted to yelling commands in English. [Pocatello Police Department, Detail Incident Report No. 24-P27827 (Dec. 4, 2024)].

- **TACTICAL REPOSITIONING:** Just before the shooting, officers were positioned on the north side of the fence. [Idaho News 6, *supra*, at 8:02] Victor was positioned south of the fence four feet beyond. [Idaho News 6, *supra*, at 8:02] Here, the officers could have moved backwards and continued to give commands. The fence, which separated the officers from Victor presented numerous opportunities to utilize tactical repositioning as a de-escalation method.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983: Violation of the Fourth Amendment of the United States Constitution - Excessive Force)**
**(Plaintiff LUIS ALICEA, as Personal Representative of the Estate of Victor Perez)**
**(Against Defendants and DOES 1-50)**

12. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

13. Defendant's above-described conduct violated PLAINTIFF'S rights as provided for under the Fourth Amendment to the United States Constitution.

14. At all relevant times, Defendant officers DOES 1–50 were acting under color of state law and within the course and scope of their employment with Defendant CITY, through the Pocatello Police Department.

15. On or about April 5, 2025, Defendant officers responded to a domestic disturbance call at the residence of DECEDENT, V.P., a 17-year-old autistic, non-verbal minor with cerebral palsy. Prior incident reports from December 2024 and February 2025 documented V.P.'s disabilities, communication limitations, and the family's limited English proficiency. CITY and employees acting in their capacity of agents of the Pocatello Police Department had a legal obligation to protect the health and safety of all persons including PEREZ. This duty was breached when Defendant officers used lethal force against a mentally and physically disabled minor child.

16. Upon arrival, Defendant officers encountered V.P. behind a four-foot chain-link fence in a disoriented state, holding a knife. V.P. was not advancing toward the officers, did not verbally

respond, and exhibited signs of physical and cognitive disability. Despite this, Defendant officers issued shouted commands in English and immediately escalated the encounter.

17. Without attempting de-escalation, communication, or tactical repositioning, Defendant officers fired multiple rounds at V.P. within seconds of arrival—ultimately shooting him nine times. No less-lethal methods were attempted. The officers had sufficient time, distance, and information to avoid using deadly force. V.P. was not an immediate threat to the officers or anyone's safety.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(42 U.S.C. § 1983: Violation of the 14th Amendment of the United States Constitution: Substantive Due Process – Loss of Familial Relationship)
(Plaintiff WANDA ALICEA, mother of decedent)
(Against Defendants CITY, and DOES 1-50)

18. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint.

19. Plaintiff WANDA ALICEA is the biological mother of the DECEDENT, V.P. Plaintiff shared a close familial bond with V.P. and participated in his daily life and care. V.P. was a minor at the time of his death and lived with or near the Plaintiff at all times relevant.

20. Defendants' above-described conduct violated PLAINTIFF's rights as provided for under the Fourteenth Amendment to the United States Constitution.

21. Defendant officers had prior knowledge of V.P.'s disabilities based on earlier documented encounters, including reports from December 2, 2024, and February 25, 2025, which described him as non-verbal, autistic, and physically impaired. These reports also documented that the family had limited English proficiency.

22. Upon arrival, officers issued rapid verbal commands in English, drew their firearms, and fired nine rounds at V.P. within approximately six seconds of encountering him. Officers made no visible attempt to communicate non-threateningly, summon specialized assistance, or use time, distance, or tactical repositioning to de-escalate the encounter. No less-lethal options were attempted or deployed.

23. Given V.P.'s observable mental and physical condition, and the officers' prior notice of his disabilities, there was no indication that V.P. posed an imminent threat of serious harm to the officers or others. The officers had sufficient time to assess the situation but chose instead to respond with immediate deadly force.

24. Defendants CITY and DOES 1-50 had no cause to believe that the DECEDENT posed a threat to the officers. PEREZ was separated from the officers by a chain link fence. PEREZ showed clear and apparent signs of physical disabilities. He rolled around on the ground and stumbled as he walked. PEREZ displayed no indications that he would or could hurdle himself over the fence to pose a risk to the officers. Despite these apparent signs, the officers opened fire with lethal force against the minor child. The officers took no time to assess the level of threat, nor did they attempt to de-escalate the situation because they shot and killed him within six seconds of arriving. This showed a clear and deliberate indifference to the protections set forth in the Fourteenth Amendment of the United States Constitution.

25. This course of conduct demonstrated deliberate indifference to V.P.'s life and safety, and under the circumstances—where officers escalated the situation and employed lethal force against a visibly disabled minor with no legitimate justification—their conduct shocks the conscience. The manner in which the force was applied reflects either a purpose to harm that was unrelated to a legitimate law enforcement objective or a reckless disregard for the consequences of their actions.

26. As a direct and proximate result of Defendants' conduct, each Plaintiff was deprived of their constitutional right to the care, companionship, comfort, and society of Victor Perez, causing them severe emotional distress and suffering.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Violation of 42. U.S.C. § 12132 – Americans with Disabilities Act)
(Plaintiff LUIS ALICEA, as Personal Representative of the Estate of Victor Perez)
(Against CITY, and DOES 1-50)

29. PLAINTIFF hereby re-alleges and incorporates by reference 1-31 paragraphs of this complaint herein.

30. At all relevant times, V.P. was a qualified individual with a disability under the Americans with Disabilities Act (ADA). V.P. was a non-verbal, autistic minor with cerebral palsy, which significantly limited his ability to communicate, understand verbal instructions, and physically respond to police commands.

31. Defendant CITY is a public entity within the meaning of 42 U.S.C. § 12131(1), and the Pocatello Police Department is a program or service of the CITY. Officers employed by the CITY, including Defendants DOES 1–50, were acting within the scope of that public service at all relevant times.

32. Title II of the ADA prohibits a public entity from excluding a qualified individual with a disability from participation in or denying them the benefits of its services, programs, or activities, or otherwise subjecting them to discrimination by reason of such disability. Law enforcement activities, including arrests and mental health crisis responses, are services and programs within the scope of Title II.

33. As against Defendant officers, and/or DOES 1-50, Plaintiff further alleges that said officers failed to train and or supervise Defendant officers and DOES 1-50 to recognize symptoms of disability under title II of the Americans With Disabilities Act (ADA); Decedent Perez was a disabled individual within the purview of ADA, who was qualified to "participate in or receive the benefit of" a government entity's services, programs, or activities. Due to the conduct of Defendant officers Decedent was excluded from participating in, or denied the benefits of those services, programs, or activities, or otherwise discriminated against; and such exclusion, denial, or discrimination was "by reason of" his disability.

34. On April 5, 2025, officers with the Pocatello Police Department responded to a call involving V.P. They had prior notice from two prior service calls—in December 2024 and February 2025—that V.P. was developmentally disabled, non-verbal, and required accommodation in

communication. Reports from those visits described V.P. as mentally disabled and noted that his family primarily spoke Spanish.

35. Defendant Officers knew or should have known that Perez was a disabled individual within the purview of the Americans with Disabilities Act. based on prior visits. [IR No. 24-P27827 (Dec. 4, 2024)]. In fact, their incident reports stated that they knew he was an Autistic teen with limited communication skills. (Ibid.) Further, by failing to de-escalate the situation and by shooting PEREZ within six seconds of their arrival, defendant officers did not accommodate and/or adjust their arrest tactics accounting for PEREZ'S disability. Defendants were deliberately indifferent in assessing the level of force warranted to use against a disabled person. The actions of Defendant officers and Defendant CITY unlawfully denied the Decedent the right to life through their discriminatory policies, procedures, and actions against the Decedent.

36. Defendants' actions denied V.P. access to the benefits of a public service; non-discriminatory law enforcement intervention. Further, Defendants subjected decedent to discrimination by reason of his disability, in violation of 42 U.S.C. § 12132. As a direct and proximate result, Victor Perez suffered fatal injuries.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
*Monell* **- 42 U.S.C. § 1983**
**(Plaintiffs WANDA ALICEA, mother of decedent, and LUIS ALICEA, as Personal Representative of the Estate of Victor Perez)**
**(Against CITY, and DOES 1-50)**

The foregoing allegations are realleged and incorporated herein.

37. At all relevant times, DEFENDANT CITY OF POCATELLO, including the POCATELLO POLICE DEPARTMENT, was responsible for the hiring, training, supervision, and discipline of its law enforcement personnel, including DEFENDANT DOES 1–50.

38. At all times mentioned, DEFENDANT OFFICERS were acting under color of state law and pursuant to the customs, policies, and practices of DEFENDANT CITY. The actions taken

by DEFENDANT OFFICERS reflect systemic failures in the CITY's training and supervision protocols regarding individuals with known mental health conditions and developmental disabilities.

39. Prior to the incident involving DECEDENT V.P., DEFENDANT CITY and its POLICE DEPARTMENT had knowledge of recurring situations in which officers encountered residents with mental or developmental disabilities, including multiple prior documented incidents at the Perez residence. Despite this, DEFENDANT CITY failed to adopt, implement, or enforce adequate training or policies to guide officers on how to safely interact with individuals experiencing mental health crises or communication barriers.

40. The use of immediate and lethal force by DEFENDANT OFFICERS against V.P.—a non-verbal, cognitively and physically disabled minor—occurred without any meaningful effort at de-escalation, without summoning crisis-trained officers, and despite the officers' documented awareness of V.P.'s disability-related limitations. This incident was a direct result of DEFENDANT CITY's failure to implement appropriate policies or training programs to prevent foreseeable violations of constitutional rights. DEFENDANT CITY maintained a policy, custom, or practice that was deliberately indifferent to the constitutional rights of persons with disabilities.

41. Plaintiff was deprived of rights as a result of an official policy or custom of the POCATELLO POLICE DEPARTMENT. The DEPARTMENT's official policy or custom was insufficient and inadequate as it related to dealing with arrest subjects experiencing mental health crises because it resulted in practices that were deliberately indifferent to the constitutional rights of individuals with disabilities and those experiencing mental health crises. Defendant officers intentionally and recklessly with a deliberate indifference, engaged in conduct which deprived Decedent and plaintiff of their civil rights because defendant officers' use of deadly force against a disabled minor known to them to have communication limitations and a history of mental health-related incidents was a foreseeable result of the City's failure to train and supervise.

42. As a direct and foreseeable result of these unconstitutional policies, practices, and failures in supervision, DEFENDANT OFFICERS engaged in conduct that violated the Fourth and Fourteenth Amendment rights of DECEDENT and PLAINTIFF. PLAINTIFF WANDA ALICEA,

suffered loss of their familial relationship with V.P., emotional harm, and the deprivation of constitutional protections guaranteed by law.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## DAMAGES

LUIS ALICEA, as Personal Representative of the Estate of Victor Perez:

- Conscious pain and suffering experienced by DECEDENT prior to death;
- Emotional and physical distress endured by DECEDENT between the time of injury and death;
- Medical expenses incurred in treating DECEDENT's injuries;
- Funeral and burial expenses;
- Loss of life and enjoyment of life; and
- Other general and special damages permitted by statute.

WANDA ALICEA, mother of decedent (Fourteenth Amendment — Familial Loss):

- Deprivation of the constitutionally protected right to familial companionship and society;
- Emotional distress and suffering resulting from the loss of that relationship.

PUNITIVE DAMAGES:

- PLAINTIFFS allege that the actions of individual DEFENDANTS were malicious, oppressive, and carried out with deliberate indifference to DECEDENT's constitutional rights.
- PLAINTIFFS seek punitive damages in amounts to be determined at trial under 42 U.S.C. § 1988.

## **JURY DEMAND**

PLAINTIFF hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages according to proof;

  2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

  3. Any and all permissible statutory damages;

  4. For reasonable attorney's fees pursuant to 42 U.S.C. §§1983, 1988, and 12132;

  5. For injunctive relief as the court deems appropriate including City of Pocatello policy or policies relevant to authorizing, allowing, or ratifying the practices and policies of its Police Department and Personnel in the use of force;

  6. For cost of suit herein incurred; and

  7. For such other and further relief as the Court deems just and proper.

Dated:  June 26, 2025        */s/ Jennifer Call*
               John L. Burris Esq.,
               Ben Nisenbaum Esq.,
               James Cook Esq.,
               Katherine Macelhiney Esq.,
               Jennifer Call Esq.,
               Attorneys for Plaintiff